```
                                United States Bankruptcy Court
                                Middle District of Pennsylvania
In re:                                                              Case No. 16-04030-JJT
Patrick Mutoke                                                      Chapter 13
         Debtor                       CERTIFICATE OF NOTICE

District/off: 0314-5          User: PRatchfor          Page 1 of 2           Date Rcvd: Nov 02, 2016
                              Form ID: pdf002          Total Noticed: 25
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 04, 2016.
```
db            +Patrick Mutoke,    137 Ashley Court,    Bushkill, PA 18324-7796
4838550       +BANK OF AMERICA,    4909 SAVARESE CIRCLE,    TAMPA, FL 33634-2413
4838551       +CAPITAL 1/BEST BUY,    26525 N RIVERSOODS BLVD,    LAKE FOREST, IL 60045-3440
4838553       +CHASE CARD,    PO BOX 15298,    WILMINGTON, DE 19850-5298
4838555      #+DEBT RECOVERY SOLUTIONS,    900 MERCHANTS,    CONCOURSE 106,    WESTBURY, NY 11590-5121
4838558       +MIDLAND FUNDING,    2365 NORTHSIDE DR STE 300,    SAN DIEGO, CA 92108-2709
4838559       +NYS DEPT OF TAXATION & FINANCE,    ATTN OFFICE OF COUNSEL,    BLDG 9 & W.A. HARRIMAN CAMPUS,
                ALBANY, NY 12227-0001
4842371        New York State Department of Taxation & Finan,    Bankruptcy Section,    P O Box 5300,
                Albany, NY 12205-0300
4838560       +PNC BANK NA,    1 FINANCIAL PKWY,    KALAMAZOO, MI 49009-8002
4838561       +RUSHMORE LOAN MANAGEMENT SVCS,    PO BOX 52708,    IRVINE, CA 92619-2708
4838562        RUSHMORE LOAN MGMT SVC,    CUSTOMER SERVICE DEPT,    PO BOX 55004,    IRVINE, CA 92619-5004
4838563       +SENECA MORTGAGE SERVICING,    611 JAMISON ROAD,    ELMA, NY 14059-9392
4838564       +SENECA MORTGAGE SERVICING,    15480 LAGUNA CANYON ROAD,    SUITE 100,    IRVINE, CA 92618-2132
4838565       +SYNCHB/MAACO & MEINEKE,    950 FORRER BLVD,    KETTERING, OH 45420-1469
4838567       +UNITED NATIONS FCU,    2401 44TH RD FL 5,    LONG ISLAND CITY, NY 11101-4605
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             E-mail/PDF: rmscedi@recoverycorp.com Nov 02 2016 19:08:54
                Recovery Management Systems Corporation,    25 SE 2nd Avenue, Suite 1120,
                Miami, FL  33131-1605
4838549       +E-mail/Text: ally@ebn.phinsolutions.com Nov 02 2016 19:11:03      ALLY FINANCIAL INC,
                200 RENAISSANCE CENTER,    DETROIT, MI 48243-1300
4845935        E-mail/Text: ally@ebn.phinsolutions.com Nov 02 2016 19:11:03      Ally Financial,
                PO Box 130424,    Roseville MN 55113-0004
4838552       +E-mail/Text: bankruptcy@usecapital.com Nov 02 2016 19:11:44      CAPITAL ACCOUNTS,
                PO BOX 140065,    NASHVILLE, TN 37214-0065
4838554        E-mail/Text: bankruptcy@consumerportfolio.com Nov 02 2016 19:11:27
                CONSUMER PORTFOLIO SERVICES,    PO BOX 57071,    IRVINE, CA 92619-7071
4838556        E-mail/Text: bknotice@erccollections.com Nov 02 2016 19:11:26      ENHANCED RECOVERY COMPANY,
                8014 BAYBERRY ROAD,    JACKSONVILLE, FL 32256-7412
4838557        E-mail/Text: cio.bncmail@irs.gov Nov 02 2016 19:11:10     IRS,   CENTRALIZED INSOLVENCY OP,
                PO BOX 7346,    PHILADELPHIA, PA 19101-7346
4846611        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 02 2016 19:11:18
                Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                Harrisburg, PA  17128-0946
4839225        E-mail/PDF: rmscedi@recoverycorp.com Nov 02 2016 19:08:55
                Recovery Management Systems Corporation,    25 S.E. 2nd Avenue, Suite 1120,
                Miami, FL 33131-1605
4838566       +E-mail/Text: bankruptcy@unitedacceptance.com Nov 02 2016 19:11:23      UNITED ACCEPTANCE INC,
                2400 LAKE PARK DR SE,    SMYRNA, GA 30080-8993
                                                                                              TOTAL: 10

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 04, 2016                                        Signature: /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 2, 2016 at the address(es) listed below:

          Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
          Joshua I Goldman   on behalf of Creditor   Wilmington Savings Fund Society, FSB D/B/A Christiana Trust Not in its Individual Capacity but Solely as Trustee for Winsted Funding Trust 2015-1 bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
          United States Trustee   ustpregion03.ha.ecf@usdoj.gov
          Vincent Rubino   on behalf of Debtor Patrick Mutoke epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newmanwilliams.com;eapotito@hotmail.com

                                                                                           TOTAL: 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | CASE NO. _____ |
| PATRICK MUTOKE, | : | |
| | : | CHAPTER 13 PLAN |
| | : | [ ] # MOTIONS TO AVOID LIENS |
| DEBTOR(S) | : | [ ] # MOTIONS TO VALUE COLLATERAL |
| | : | [X] ORIGINAL PLAN |
| | : | [ ] AMENDED PLAN |
| | : | (Indicate 1st, 2nd, 3rd, etc.) |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**PLAN PROVISIONS**

**DISCHARGE:** (Check one)

[X] The debtor(s) will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor(s) is/are not eligible for a discharge of debts because the debtor(s) has/have previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[X] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in the Section 8 of this plan. *Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.*

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments</u>

    1. To date, the Debtor(s) has paid **$0.00** *(enter $0 if no payments have been made to Trustee to date)*. Debtor(s) shall pay the Trustee for the remaining term of the Plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is **$36,480.00,** plus other payments and property stated in Paragraph B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
    |---|---|---|---|---|
    | 10/16 | 9/21 | $608.00 | N/A | $36,480.00 |
    |  |  |  |  |  |
    |  |  |  |  |  |
    |  |  |  |  |  |
    |  |  |  |  | $36,480.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4. CHECK ONE:  ( )  Debtor(s) is at or under median income.

       ( X )  Debtor(s) is over median income. Debtor(s) calculates that a minimum of **100%** must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. <u>Liquidation of Assets</u>

    1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

    2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

    3. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2

2. **SECURED CLAIMS**

   A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor(s) to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

   The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim of this section, the Debtor's cure of this default must include any applicable late charges.

   Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages and Other Direct Payments by Debtor(s)</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| **Ally Financial Inc.** | **Auto Loan – 2014 Toyota Camry** | **$380.42** | **$19,419.30** |
|  |  |  |  |

   C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | $ | $ |
|  |  | $ | $ | $ |

3

Case 5:16-bk-04030-JJT    Doc 5    Filed 09/28/16    Entered 09/28/16 18:53:05    Desc
                    Main Document        Page 3 of 9
Case 5:16-bk-04030-JJT    Doc 18    Filed 11/04/16    Entered 11/05/16 00:45:54    Desc
                    Imaged Certificate of Notice    Page 5 of 11

D. Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSE TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. Other Secured Claims. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |
|  |  | $ | % | $ |

F. Surrender of Collateral. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **Rushmore Loan Management Services** | 1st Mortgage – Real Property: Lot No. 1570, Sec. 8, Saw Creek Estates, Lehman Twp., Pike County, PA (aka 1570 Ashley Ct., Bushkill, PA). |
| **Consumer Portfolio Services** | Auto Loan – 2009 Nissan Quest |

4

G. Lien Avoidance. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) *(this section should not be used for statutory or consensual liens such as mortgages)*:

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H. Optional provisions regarding duties of certain mortgage holders and servicers. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. *(Check if applicable)*
( ) Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:
(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrerages.
(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.
(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under paragraph 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| **IRS** | **$26,916.00** |
| **New York State Department of Taxation** | **$1,931.00** |

B. Administrative Claims:
(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

5

(2) Attorney fees. Check one box:

☒ In addition to the retainer of $**500.00** already paid by the Debtor, the amount of $**3,500.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2; or

☐ $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |

   B. <u>Claims of General Unsecured Creditors</u>. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment in Plan | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  | $ | % | $ | $ |  |
|  |  | $ | % | $ | $ |  |

6. **REVESTING OF PROPERTY: (Check One)**

   [X] Property of the estate will vest in the debtor(s) upon confirmation. *(Not to be used with paragraph 2H)*.

   [ ] Property of the estate will vest in the debtor(s) upon closing of the case.

6

Case 5:16-bk-04030-JJT    Doc 5    Filed 09/28/16    Entered 09/28/16 18:53:05    Desc
Main Document      Page 6 of 9
Case 5:16-bk-04030-JJT    Doc 18    Filed 11/04/16    Entered 11/05/16 00:45:54    Desc
Imaged Certificate of Notice    Page 8 of 11

7. **STUDENT LOAN PROVISIONS**:

   A. <u>Student loan provisions</u>.   This plan does not seek to discharge student loan(s) except as follows:

   *(NOTE:  If you are not seeking to discharge a student loan(s), do not complete this section.)*

| Name of Creditor | Monthly Payments | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

   Include the additional provisions below or on an attachment.  *(NOTE:  The Plan and any attachment must be filed as one document, not as a plan and exhibit.)*

   a.   The Debtor is surrendering the real property known as **Lot No. 1570, Sec. 8, Saw Creek Estates, Lehman Twp., Pike County, PA (aka 1570 Ashley Ct., Bushkill, PA)** (the "Property") to the lienholders, their successors and assigns, in full satisfaction of their debts. **Rushmore Loan Management Services, first mortgage holder, its successors and assigns**, shall be considered fully secured by the collateral, shall not be entitled to share in any distribution to unsecured creditors, and may not pursue collection against the Debtor for pre-petition and/or post-petition debts, fees, costs, assessments and/or charges arising from or related to the Property.

   b.   The Debtor is surrendering the **2009 Nissan Quest (the "Vehicle")** to the lienholder, its successors and assigns, in full satisfaction of its debt.  **Consumer Portfolio, lienholder, its successors and assigns**, shall be considered fully secured by the collateral, shall not be entitled to share in any distribution to unsecured creditors, and may not pursue collection against the Debtor for pre-petition and/or post-petition debts, fees, costs, assessments and/or charges arising from or related to the Vehicle.

   c.   This Plan offers no payment ($0.00) to unsecured claims incurred more than four (4) years prior to the bankruptcy filing, with respect to which the statute of limitations for contract actions has expired. The following creditors shall receive no payment ($0.00) on their claims:

   - Chase Card                              Account No. ****8412
   - Midland Funding                         Account No. ****6551
   - United Acceptance                       Account No. ****2992
   - United Nations FCU                      Account No. ****6394
   - United Nations FCU                      Account No. ****3940

7

Case 5:16-bk-04030-JJT    Doc 5    Filed 09/28/16    Entered 09/28/16 18:53:05    Desc
Main Document      Page 7 of 9
Case 5:16-bk-04030-JJT    Doc 18    Filed 11/04/16    Entered 11/05/16 00:45:54    Desc
Imaged Certificate of Notice    Page 9 of 11

9. **ORDER OF DISTRIBUTION**

   Payments from the plan will be made by the trustee in the following order:

   | Level 1 | Adequate protection payments | $ -0- | |
   |---|---|---|---|
   | Level 2 | Debtor's attorney's fees. | **$ 3,500.00** | |
   | Level 3 | Domestic Support Obligations | $ -0- | |
   | Level 4 | Priority claims, pro rata | **$28,847.00** | |
   | Level 5 | Secured claims, pro rata | $ -0- | |
   | Level 6 | Specially classified unsecured claims | $ -0- | |
   | Level 7 | General unsecured claims | **$ 833.00** | |
   | Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $ -0- | |
   | | Subtotal | | **$33,180.00** |
   | | Trustee Commission | $ 3,300.00 | |
   | | Total | | **$36,480.00** |

   If the above Levels are not filled in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide

   | | |
   |---|---|
   | Level 1: | Adequate protection payments. |
   | Level 2: | Debtor's attorney's fees. |
   | Level 3: | Domestic Support Obligations. |
   | Level 4: | Priority claims, pro rata. |
   | Level 5: | Secured claims, pro rata. |
   | Level 6: | Specially classified unsecured claims. |
   | Level 7: | General unsecured claims. |
   | Level 8: | Untimely filed unsecured claims to which the debtor has not objected. |

8

Case 5:16-bk-04030-JJT    Doc 5    Filed 09/28/16    Entered 09/28/16 18:53:05    Desc
Main Document      Page 8 of 9
Case 5:16-bk-04030-JJT    Doc 18    Filed 11/04/16    Entered 11/05/16 00:45:54    Desc
Imaged Certificate of Notice    Page 10 of 11

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor(s). Claims filed after the bar date that are not properly served on the trustee will not be paid. The responsibility for reviewing the claims and objecting where appropriate rests with the debtor(s).

Dated: 9/27/16                         /s/ Vincent Rubino
                                       Vincent Rubino, Esq., Attorney for Debtor(s)


                                       /s/ Patrick Mutoke
                                       PATRICK MUTOKE

9

Case 5:16-bk-04030-JJT    Doc 5    Filed 09/28/16    Entered 09/28/16 18:53:05    Desc
Main Document    Page 9 of 9
Case 5:16-bk-04030-JJT    Doc 18    Filed 11/04/16    Entered 11/05/16 00:45:54    Desc
Imaged Certificate of Notice    Page 11 of 11